## Commonwealth v. Vaughn

*Raymond R. Start*, district attorney, and *John R. Graham*, assistant district attorney, for Commonwealth.

*Ralph L. Lindenmuth*, for defendant.

ERVIN, P. J., December 21, 1953.—This is a hearing upon an appeal from a summary conviction for

violation of section 902 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §452 (*a*). The facts are agreed upon and the court now finds them as follows:

1. On June 16, 1953, defendant was an employe of the Agricultural Equipment Company, located at West Chester.

2. The Agricultural Equipment Company buys, sells and deals in Allis Chalmers farm machinery and other agricultural equipment.

3. At about 5:35 p.m. on June 16, 1953, defendant was operating a Ford truck for the company in a southerly direction on Route 202 approaching Baltimore Pike in Birmingham Township.

4. Attached to the rear of the truck and being towed by the truck was a new combine, which is not self-propelled, and was being delivered by the company to a purchaser in Kennett Square, Pa.

5. The combine is a type of agricultural equipment.

6. At the point of apprehension, the width of the highway is 16 feet.

7. The width of the combine is 10 feet or 120 inches.

8. Two vehicles were obliged to leave the highway in order to pass the combine being towed by defendant.

9. At the time of apprehension by the Pennsylvania State Police defendant admitted that he had no special permit (75 PS §455) to move a vehicle of excessive width.

The information in this case charged that defendant did "unlawfully operate a Ford truck . . . loaded with an Allis Chalmers Model No. 6 combine, 10 feet wide when allowed 8 feet wide, without a permit for oversize load, this is in violation of Penna. Vehicle Code Sec. 905, Subsec. (a) Art. IX."

Defendant was found guilty after hearing and fined $50 and costs of $5. The Commonwealth admits that

the combine was not a vehicle within the meaning of the definition of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §2, which specifically exempts agricultural machinery. Section 902 (a) of The Vehicle Code (75 PS §452 (a)) provides:

"No vehicle, except fire department equipment, street sweepers, and snow plows, shall exceed a total maximum width, *including any load thereon,* of ninety-six (96) inches, except that the limitations as to size of vehicles stated in this act shall not apply to vehicles loaded with hay or straw in bulk."

Appellant directs the court's attention to the phrase "load thereon" and urges the court to conclude that the section applies only to a load which is actually on the chassis of that motor vehicle. On the other hand, the Commonwealth urges the court to conclude that this combine, which was not self-propelled, necessarily is a load within the meaning of section 905.

The combine was not loaded upon the Ford truck. It was being towed by the truck. This provision of the code, being penal in nature, must be strictly construed. We are of the opinion that the provision of the code above referred to was not intended to apply to the situation here involved. We believe the legislature intended to prohibit too heavy a load in order to preserve the highways.

We, therefore, find defendant not guilty.

### Order

And now, to wit, December 21, 1953, the matter having been considered on written briefs of both parties, it is hereby ordered:

1. That defendant be and he is hereby found not guilty.

2. Justice of the Peace Marino T. Plebani is hereby directed to return to defendant the fine and costs heretofore paid.